UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-99 |
| | § | |
| BEEVILLE POLICE DEPARTMENT, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519,

520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against Defendants are dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 6), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 11). *See* 28 U.S.C. § 636(c).

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is currently a pretrial detainee confined at the Bee County Jail in Beeville, Texas. On February 23, 2015, Plaintiff and his brother filed an original complaint challenging as unlawful their December 15, 2014 arrest by Bee County law authorities. (D.E. 1). By telephone conference held March 30, 2015, Plaintiff was advised that his brother must proceed in a separate lawsuit, and also, that Plaintiff was to file an amended complaint setting forth his individual claims against Defendants.

On May 15, 2015, Plaintiff filed his amended complaint and named the following entities and individuals as Defendants: (1) Beeville Police Department; (2) Sergeant John Berry; (3) Lieutenant Chris Bernal; (4) Officer Garrett Davidson; (5)

Officer Kenneth Jefferson; (6) Gary Kent; and (7) John and Jane Does 1 – 50. (D.E. 17).

A *Spears*[1] hearing was held on June 5, 2015. The following allegations were made in Plaintiff's original complaint (D.E. 1), amended complaint (D.E. 17), or at the hearing:

On May 7, 2015, Plaintiff was indicted in Bee County District Court on the following felony charges: (1) possession of a controlled substance with intent to distribute, habitual offender; (2) two counts of tampering with physical evidence; and (3) felon in possession of a firearm.

On December 15, 2014, Plaintiff was riding as a passenger in a car driven by his brother, Abraham Campos. The vehicle approached the intersection at Milam and Comits, and stopped at the stop sign. Approximately twenty yards away, Plaintiff observed a police cruiser driven by Sergeant John Berry. Plaintiff related that Sergeant Berry and Abraham Campos had been involved in a series of conflicts over the years. Sergeant Berry drove up to the Campos car with lights and siren on, and then exited his vehicle with his gun drawn and began ordering the brothers out of their car. In response, Abraham Campos drove off for approximately 45 seconds to one minute, eventually crashing into a fence. Plaintiff then exited the car and began

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

running. An unmarked police car approached the scene and Lieutenant Bernal and Officer Davidson gave chase after Plaintiff. The officers brought Plaintiff to the ground when Officer Bernal shot Plaintiff with a taser to his chest, and Officer Davidson tased Plaintiff on his back.

On December 17, 2014, Gary Kent, a reporter and photographer with the Beeville Bee-Picayune newspaper published an article with three photographs titled "Fling & Flee: Police say cousins[2] toss guns and cocaine during chase." Plaintiff testified that Mr. Kent was on the scene during his arrest and took pictures of him at the time. He alleges that Mr. Kent acted without his consent and that his actions have ruined Plaintiff's reputation and his chances of getting a fair jury trial.

Plaintiff claims that he has suffered serious medical injuries following his December 15, 2014 arrest. In particular, he claims that, as a result of being tased, he struck the ground with such force that he: lost three teeth; required four stitches above his left eye; his vision in his left eye worsened; he believes he fractured his jaw as it now 'pops;" and he broke his right thumb. Plaintiff also complains that he has numbness in both hands from the handcuffs being placed on him too tight, he has neck and lower back issues from being "jumped on," and he has "burn marks" from being tased.

[2]Plaintiff and Abraham Campos were identified as cousins in the newspaper article but Plaintiff testified they are brothers.

Plaintiff is suing Lieutenant Bernal and Officer Davidson alleging excessive use of force for tasing him. He is suing the Beeville Police Department for failure to train its officers properly. He is suing Sergeant John Berry for instigating the initial traffic stop. He has identified Officer Kenneth Jefferson as a Defendant, but has failed to allege what this officer did or failed to do. He has named John and Jane Does 1 – 50 as unknown police officers that may have supervised the conduct of the known Defendants. He has sued Gary Kent for defamation. Plaintiff is seeking compensatory and punitive damages, and he is suing Defendants in their official and individual capacities.

## III. LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,*

828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Eleventh Amendment bars claims against Defendants in official capacities for monetary damages.

Plaintiff has sued Defendants in their official capacities for monetary damages.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983 for money damages. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Section 1983 does not waive the state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit. *See Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984).

To the extent Plaintiff is suing any named Defendant for compensatory and/or punitive damages in his or her official capacity, those claims are barred because claims against state officials in their official capacities are essentially claims against the State itself. *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (for purposes of 1983 liability, a claim against a public official in his or her official capacity is in effect a suit against the state or local government he or she represents). Accordingly, Plaintiff's claims against Defendants in their official capacities for monetary damages are dismissed as barred by the Eleventh Amendment.

**B. The Beeville Police Department is not a proper defendant.**

Plaintiff has named the Beeville Police Department as a Defendant. However, a department of a municipality is not a "person" for purposes of § 1983 liability, and is therefore not an appropriate party. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). For purposes of § 1915A screening, it will be assumed that Plaintiff intended to sue the City of Beeville for the alleged constitutional violations of its police officers.

A city will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to offer any evidence to suggest that an official policy or custom of the City of Beeville promoted, encouraged, or authorized the arresting officers or any John or Jane Doe Defendant to violate his constitutional rights. To the contrary, Plaintiff admits that he was under indictment at the time when he evaded arrest and led officers on a high speed chase through a residential area of town, leading to a crash of the vehicle in which he was riding, and then Plaintiff attempted to escape on foot. Plaintiff's own actions necessitated the use of force. Plaintiff offers no evidence to suggest that the City of Beeville has a policy or custom of authorizing the use of tasers on innocent citizens. Under Plaintiff's own recitation of the facts, the use of the tasers was reasonable in this situation to stop an indicted felon from fleeing the scene. Plaintiff fails to state a constitutional claim against the City of Beeville for enforcing an unconstitutional arrest policy.

**C. Excessive force.**

Plaintiff is suing Lieutenant Bernal and Officer Davidson for excessive force. He has also named as Defendants John and Jane Does 1 – 50 alleging that these defendants may have been supervisors of Bernal and Davidson and that they are therefore responsible for any constitutional violations Bernal and Davidson may have committed.

To state a claim for excessive force, a prisoner-plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was

more than *de minimis,* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6, 10 (1992); *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez*, 163 F.3d at 923.

In *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Court grounded this conclusion on the principle that "'the core judicial inquiry' [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 1178 (citations omitted). Thus the focus is on whether the force itself is the sort that is "repugnant to the conscience of mankind," regardless of whether the inmate has the good fortune to escape with limited injuries. *Wilkins,* 559 U.S. at 39.

Accepting Plaintiff's allegations as true, he fails to state a claim of excessive force against either Lieutenant Bernal or Officer Davidson. Plaintiff testified that, at the time the force was applied, he had just finished evading Sergeant Berry in a vehicle and was then running from Defendants on foot in a field after his own vehicle had crashed into a fence. Both Plaintiff and his brother were convicted felons and Plaintiff

was under indictment for current felony charges. Defendants' decision to tase Plaintiff to stop him from fleeing or escaping police custody under these circumstances was a reasonable use of force applied in a good faith effort to maintain or restore discipline. *See e.g. Poole v. City of Shreveport,* 691 F.3d 624, 629 (5th Cir. 2012) (arrestee or suspect who refuses to comply with officers' commands poses an immediate threat to the safety of the officers such that use of force is not clearly excessive); *Wilson v. Stachura,* 2012 WL 4602756 (S.D. Miss. Oct. 1, 2012) (unpublished) (officers' tasing of plaintiff during arrest did not amount to excessive force where plaintiff fled from officers and resisted efforts to arrest him). The tasing of Plaintiff to stop him from fleeing police custody at that time did not amount to excessive force, and the injuries he incurred as a consequence of falling down from the tasing cannot be attributable to the officers.

Plaintiff claims that Defendants also put his restraints on too tight and "jumped on him," but he was unable to identify any specific injury, other than *de minimis* sore wrists, from Defendants' alleged actions beyond tasing. Plaintiff claimed that he had a "fractured jaw," but admitted that it was never diagnosed as such and that it was not wired shut or otherwise addressed medically. He does not claim that he cannot eat or lost weight or suffered any significant pain that would be associated with a fractured jaw, only that he noticed his jaw now "pops." Plaintiff does not claim that either officer ever touched his face or punched his head or jaw, and it is assumed that he hurt his jaw when he fell and broke his teeth in response to being tased. Because the tasing

was not excessive, the injuries Plaintiff incurred with tasing were to be expected and were brought on by Plaintiff's own behavior and are not attributable to Defendants.

In general, allegations of excessive force are rarely resolved at § 1915A screening because the prisoner-plaintiff's allegations are taken as true, thus challenging whether the force was applied sadistically and maliciously or in a good faith effort to maintain order. However, in this case, the circumstances of the applied force and Plaintiff's *de minimis* injuries equate to a finding of no constitutional violation. There is simply no evidence that the force was applied maliciously or sadistically, but to the contrary, all evidence, as provided by Plaintiff, establishes the force was applied only to restore order and to maintain discipline. Thus, Plaintiff's claims against Lieutenant Bernal and Officer Davidson for excessive force are dismissed for failure to state a claim and as frivolous.

As to Defendants John and Jane Does 1 – 50, as noted above, to state a constitutional violation, a plaintiff must allege specific facts of personal involvement against an individual defendant; there is no liability based on simply supervising an alleged tortfeasor. *Thompkins,* 828 F.2d at 303-04. Accordingly, Plaintiff's claims against the unidentified supervisors, John and Jane Does 1- 50, are dismissed with prejudice for failure to state a claim.

Similarly, Plaintiff has named Officer Kenneth Johnson as a Defendant, but he failed to allege any claim against him in his original complaint, amended complaint, or at the *Spears* hearing. Plaintiff does not allege that Officer Johnson was involved in

the arrest or had any dealings with Plaintiff or his brother. Accordingly, Plaintiff's claims against this defendant are dismissed for failure to state a claim.

**D. No state actor.**

Plaintiff has sued newspaper reporter Gary Kent for defamation. However, section 1983 applies only to state actors and not private citizens. *Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th Cir. 1984) (Section 1983 does not provide damages against a private individual, only those acting "under color of state law"); *Daniel v. Ferguson,* 839 F.2d 1124, 1130 (5th Cir. 1988 ("police reliance in making an arrest on information given by a private party does not make the private party a state actor). Plaintiff has no cognizable § 1983 cause of action against Mr. Kent.

**V. CONCLUSION.**

For the reasons stated herein, Plaintiff's lawsuit is **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). All other pending motions are denied as moot. In addition, this dismissal meets the requirements of a "strike" for purposes of 28 U.S.C. § 1915(g), and therefore, the Clerk of the court is instructed to send notice of this dismissal to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

ORDERED this 15th day of July, 2015.

Jason B. Libby
United States Magistrate Judge